UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| TYRONE FLETCHER | * | CIVIL ACTION |
| VERSUS | * | NO. 23-2002 |
| KENNER POLICE DEPARTMENT, ET AL. | * | SECTION "B" (2) |

## SHOW CAUSE ORDER AND REASONS

On June 8, 2023, Plaintiff Tyrone Fletcher filed a Complaint and *Ex Parte*/Consent Motion for Leave to Proceed *in forma pauperis*. ECF Nos. 1, 2.

### I.   APPLICABLE LAW

#### A.  *In Forma Pauperis* Standard for Authorization to Proceed Without Payment

Plaintiff's application is submitted on the AO 240 Form, but the information provided is incomplete. ECF No. 2. Plaintiff receives $914 per month in supplemental security income, but in response to the question regarding the amount of money he has in cash or a checking or saving account, Plaintiff does not provide a monetary amount but instead states "N/A." *Id*. at 1-2.

A court may authorize the commencement of a civil action without the prepayment of fees or costs "by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor."[1] Whether to permit or deny an applicant to proceed *in forma pauperis* is within the sound discretion of the Court.[2] Courts should make the assessment of a plaintiff's financial ability after considering whether payment of the filing fee would cause an undue financial hardship.[3] This analysis entails a review

---

[1] 28 U.S.C. § 1915(a)(1).
[2] *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988) (citations omitted); 28 U.S.C. § 1915(a).
[3] *Prows*, 842 F.2d at 140 (citing *Smith v. Martinez*, 706 F.2d 572 (5th Cir. 1983).

1

of plaintiff's income sources and the "demands on [his] financial resources, including whether expenses are discretionary or mandatory."[4]

While Plaintiff's *in forma pauperis* application is sparse and fails to provide certain information, it provides sufficient information to enable the Court to determine that he is unable to pay fees in this matter, as required by 28 U.S.C. § 1915.

### B. Statutorily Mandated Review

There exists no absolute right to proceed *in forma pauperis* in federal civil matters; instead, it is a privilege extended to those unable to pay filing fees *when it is apparent that the claims do not lack merit on their face*.[5] Section 1915(e)(2)(B) grants the Court authority to summarily dismiss *in forma pauperis* complaints if the asserted claims are frivolous or malicious or fail to state a claim upon which relief may be granted.[6] Indeed, the statute specifically mandates that the court "must *sua sponte* dismiss [the case] at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune."[7] This statutory review mandate applies equally to prisoner and non-prisoner *in forma pauperis* cases.[8]

A claim is "frivolous where it lacks an arguable basis either in law or in fact."[9] A claim "'lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if

---

[4] *Id.*
[5] *See Startti v. United States*, 415 F.2d 1115, 1116 (5th Cir. 1969); *see also Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996) (noting that the revocation of the privilege of proceeding in forma pauperis is not new), *abrogated in part on other grounds by Coleman v. Tollefson*, 575 U.S. 532 (2015).
[6] *Tam Vo v. St. Charles Par.*, No. 10-4624, 2011 WL 743466, at *1-2 (E.D. La. Feb. 3, 2011), *R. & R. adopted*, 2011 WL 740909 (E.D. La. Feb. 22, 2011).
[7] *Amrhein v. United States*, 740 F. App'x 65, 66 (5th Cir. 2018).
[8] *James v. Richardson*, 344 F. App'x 982, 983 (5th Cir. 2009) ("Section 1915(e)(2)(B) requires dismissal of frivolous IFP actions even if those actions are brought by non-prisoner plaintiffs.") (citing *Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir. 2002) (applying § 1915(e)(2)(B) to a non-prisoner whose complaint was frivolous)).
[9] *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

the complaint alleges the violation of a legal interest which clearly does not exist.'"[10] A court may not dismiss a claim simply because the facts are "unlikely."[11] A factually frivolous claim alleges only facts that are "'clearly baseless,' . . . are 'fanciful,' 'fantastic,' and 'delusional' . . . [or] rise to the level of the irrational or wholly incredible, whether or not there are judicially noticeable facts available to contradict them.'"[12] A complaint fails to state a claim on which relief may be granted when the factual allegations do not rise above a speculative level, with the assumption that all factual allegations in the complaint are true, even if doubtful.[13]

### C. Pleading Standard

Rule 8(a) of the Federal Rules of Civil Procedure requires a Complaint set forth "'sufficient facts from which the court can determine the existence of subject matter jurisdiction and from which the defendants can fairly appreciate the claim made against them.'"[14] While Rule 8's pleading standard does not require "detailed factual allegations," it does demand more than "unadorned, the-defendant-unlawfully-harmed-me accusation."[15] Even the complaints of *pro se* litigants must convince the court that plaintiff has a colorable claim.[16]

### D. Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction. "Subject matter jurisdiction may not be waived, and the district court 'shall dismiss the action' whenever 'it appears by suggestion of the

---

[10] *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998) (quoting *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997)).
[11] *Moore v. Mabus*, 976 F.2d 268, 270 (5th Cir. 1992) (citing *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992)).
[12] *Id.*
[13] *Garrett v. Thaler*, 560 F. App'x 375, 377 (5th Cir. 2014) (per curiam) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).
[14] *Kinchen v. Sharp*, No. 11-1040, 2012 WL 700920, at *2 (E.D. La. Feb. 10, 2012) (quoting *Bremer v. Hous. Auth. of New Orleans*, No. 98-2735, 1999 WL 298795, at *1 (E.D. La. May 12, 1999)), *R. & R. adopted*, 2012 WL 700265 (E.D. La. Feb. 29, 2012).
[15] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555–57).
[16] *Mills v. Crim. Dist. Ct. No. 3*, 837 F.2d 677, 678 (5th Cir. 1988) (stating "[a]lthough we treat *pro se* pleadings more liberally, some facts must be alleged that convince us that the plaintiff has a colorable claim; conclusory allegations will not suffice.").

parties or otherwise that the court lacks jurisdiction of the subject matter.'"[17] The party seeking the federal forum, in this case Plaintiff, has the burden of establishing the existence of subject matter jurisdiction.[18] If subject matter jurisdiction over the complaint is lacking, dismissal is appropriate for that reason and pursuant to § 1915.[19]

One basis for subject matter jurisdiction is diversity under 28 U.S.C. § 1332. Federal diversity jurisdiction requires the party to demonstrate that (1) complete diversity of citizenship exists between the parties and (2) the amount in controversy exceeds $75,000.00, exclusive of interest and costs.[20] Complete diversity exists when "no party on one side [is] a citizen of the same State as any party on the other side."[21] Another basis for jurisdiction typically invoked in civil cases is federal question jurisdiction. 28 U.S.C. § 1331. Federal question jurisdiction is assessed under the well-pleaded complaint rule which requires that a federal question appear on the face of the well-pleaded complaint.[22]

## II. ANALYSIS

Although Plaintiff's *in forma pauperis* application (ECF No. 2) is incomplete, it includes sufficient information to enable the Court to determine that he is unable to pay fees in this matter, as required by 28 U.S.C. § 1915. Based upon the information provided, Plaintiff will be permitted to proceed *in forma pauperis* in this proceeding under the provisions of 28 U.S.C. § 1915(a). Although the Court has permitted the plaintiff to proceed *in forma pauperis*, the court must

---

[17] *Avitts v. Amoco Prod. Co.*, 53 F.3d 690, 693 (5th Cir. 1995) (quoting FED. R. CIV. P. 12(h)(3)).
[18] *Bynane v. Bank of N.Y. Mellon,* 866 F.3d 351, 356 (5th Cir. 2017) (citation omitted).
[19] *Humphries v. Various Fed. U.S. INS Emps.*, 164 F.3d 936, 941 (5th Cir. 1999) (citation omitted).
[20] *Garcia v. Koch Oil Co. of Tex., Inc.*, 351 F.3d 636, 638 (5th Cir. 2003) (citing *St. Paul Reinsurance Co. v. Greenburg*, 134 F.3d 1250, 1253 (5th Cir. 1998)).
[21] *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974) (citation omitted); *Getty Oil Corp., Div. of Texaco, Inc. v. Ins. Co. of North Am.,* 841 F.2d 1254, 1258-59 (5th Cir. 1988); *Corfield v. Dallas Glen Hills, LP*, 355 F.3d 853, 857 (5th Cir. 2003) (citation omitted); *Bynane*, 866 F.3d at 355 (citation omitted).
[22] *Gutierrez v. Flores*, 543 F.3d 248, 251-52 (5th Cir. 2008).

determine whether plaintiff's complaint satisfies the requirements of the *in forma pauperis* statute. Thus, summons will not be issued pending completion of this Court's statutorily mandated review.

Plaintiff appears to invoke subject matter jurisdiction based on a purported claim arising under 42 U.S.C. § 1983 relating to two cases, one of which involves ineffective assistance of counsel and the other of which relates to probable cause to obtain a search warrant.[23] However, his Complaint does not contain a concise statement of the claims or basis for relief as required by Rule 8. Instead, Plaintiff references an attachment that discusses an arrest on some unspecified date. ECF Nos. 1 ¶ III, at 4; 1-1. The top right corner of the attachment includes a reference to the number 01-5777, but no such case is pending in the Eastern District of Louisiana, nor does this number appear on the list of cases Plaintiff has filed in this Court. *See* ECF No. 1-1. Further, if "01" indicates that the arrest occurred in 2001, the Court notes that there appears to be a clear statute of limitations issue. Plaintiff also attaches a November 6, 2001 letter from Sergeant Darren Minvielle, then the Commander of the Kenner Police Department Internal Affairs Division, which letter confirms receipt of Plaintiff's October 25, 2001 complaint and further suggests that the statute of limitations for Plaintiff's claim expired several years ago. ECF No. 1-1 at 2.

While Plaintiff did not check the box marked "diversity jurisdiction," he did complete Section II(B) of the *Pro Se* Civil Case Complaint form, which must be completed if the jurisdictional basis for jurisdiction is diversity of citizenship. ECF No. 1 ¶ II, at 3. However, the Court cannot adequately assess whether diversity of citizenship exists because the defendants' identities are unclear. For example, Plaintiff lists the "Kenner Police," Officer Chad Spindel, and "Other Unknown Defendants," in the case caption and Section I (B), but lists only Officer Chad Spindel as a defendant in Section II (B). *Compare* ECF No. 1 at 1-2 *with* ECF No. 1 at 3. Plaintiff

---

[23] ECF No. 1 ¶ II(A), at 3 (citing *Herring v. New York*, 422 U.S. 853 (1975); *Illinois v. Gates*, 462 U.S. 213 (1983)).

also indicates that he is a citizen of Louisiana and provides Kenner addresses for each named defendant, suggesting they are all citizens of Louisiana as well.  *Id*. at 2-3.  Thus, the Complaint does not reflect the presence of diversity jurisdiction under § 1332.

### III.  CONCLUSION

Plaintiff has established his inability to pay fees under 28 U.S.C. § 1915(a)(1)(2).  On its face, however, Plaintiff's Complaint appears to lack subject matter jurisdiction.  Accordingly,

IT IS ORDERED that Plaintiff's *Ex Parte*/Consent Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 2) is GRANTED;

IT IS FURTHER ORDERED that the Clerk withhold issuance of summons at this time pending completion of the statutorily mandated review;

IT IS FURTHER ORDERED that, for the reasons set forth above, on or before **MONDAY, AUGUST 21, 2023**, Plaintiff Tyrone Fletcher **SHOW CAUSE** why his Complaint should not be summarily dismissed as frivolous, for lack of subject matter jurisdiction and/or for failure to comply with FED. R. CIV. P. 8;

IT IS FURTHER ORDERED that, in response to this show cause order, Plaintiff shall file a response containing a **concise written statement** of the claims or basis for relief under § 1983 in accordance with Rule 8.   **PLAINTIFF'S FAILURE TO RESPOND IN WRITING AS DIRECTED HEREIN MAY RESULT IN THE DISMISSAL OF HIS COMPLAINT.**

IT IS FURTHER ORDERED that there will be no oral hearing on Monday, August 21, 2023, but the matter will be taken under advisement on the written filings on that date.

New Orleans, Louisiana, this __20th__ day of June, 2023.

_____
DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE