UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| TYRONE FLETCHER | * | CIVIL ACTION |
| VERSUS | * | NO. 23-2002 |
| LOUISIANA STATE, ET AL. | * | SECTION "J" (2) |

## REPORT AND RECOMMENDATION

*Pro se* Plaintiff Tyrone Fletcher filed a Complaint and *Ex Parte*/Consent Motion for Leave to Proceed *in forma pauperis* on June 8, 2023. ECF Nos. 1-2. Consistent with the duties imposed by 28 U.S.C. § 1915(a) and (e)(2)(B), the Court ordered that summons not be issued until completion of the statutorily mandated review. ECF No. 3. This June 21, 2023 Order required Plaintiff to file a written response setting forth the specific facts upon which he relies to establish a basis for federal subject matter jurisdiction over his claim and an explanation of why his Complaint should not be dismissed for failure to comply with FED. R. CIV. P. 8, on or before Monday, August 21, 2023, in accordance with 28 U.S.C. § 1915(e)(2). Although Plaintiff did not file a response to the Show Cause Order in this matter, he filed a response to the Court's Order in 23-cv-2001, which Plaintiff alleges is the "companion case" to the matter at hand. That response will be considered in this matter as well and the Clerk is directed to file a copy of same into the record in this case.

I.      **PLAINTIFF'S CLAIMS**

Plaintiff appears to invoke subject matter jurisdiction based on a purported claim arising under 42 U.S.C. § 1983 and potentially diversity jurisdiction. ECF No. 1.

In support of his federal question jurisdiction assertion, he cites two cases, one of which involves ineffective assistance of counsel and the other of which relates to probable cause to obtain

a search warrant.[1]  However, his Complaint does not contain a concise statement of the claims or basis for relief as required by Rule 8.  Instead, Plaintiff references one attachment that discusses an arrest on some unspecified date and another attachment that appears to be a November 6, 2001 letter regarding Plaintiff's Kenner Police Department internal affairs complaint.  ECF Nos. 1 ¶ III, at 4; 1-1 at 1-2.  The Court thus ordered Plaintiff to file a written response detailing the bases of his claims under § 1983.  ECF No. 3.  In his Show Cause Response in his "companion case," Plaintiff describes an October 18, 2001 automobile stop and subsequent arrest by Officer Chad Spindel of the Kenner Police Department.  ECF No. 4 in 23-2001.

II.  **APPLICABLE LAW**

   A.  **Statutorily Mandated Review**

There exists no absolute right to proceed *in forma pauperis* in federal civil matters; instead, it is a privilege extended to those unable to pay filing fees *when it is apparent that the claims do not lack merit on their face.*[2]  Section 1915(e)(2)(B) grants the Court authority to summarily dismiss *in forma pauperis* complaints if the asserted claims are frivolous or malicious or fail to state a claim upon which relief may be granted.[3]  Indeed, the statute specifically mandates that the court "must *sua sponte* dismiss [the case] at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a

---

[1] ECF No. 1 ¶ II(A), at 3 (citing *Herring v. New York*, 422 U.S. 853 (1975); *Illinois v. Gates*, 462 U.S. 213 (1983)).
[2] *See Startti v. United States*, 415 F.2d 1115, 1116 (5th Cir. 1969); *see also Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996) (noting that the revocation of the privilege of proceeding in forma pauperis is not new), *abrogated in part on other grounds by Coleman v. Tollefson*, 575 U.S. 532 (2015).
[3] *Tam Vo v. St. Charles Par.*, No. 10-4624, 2011 WL 743466, at *1-2 (E.D. La. Feb. 3, 2011), *R. & R. adopted*, 2011 WL 740909 (E.D. La. Feb. 22, 2011).

defendant who is immune."[4] This statutory review mandate applies equally to prisoner and non-prisoner *in forma pauperis* cases.[5]

### B. Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction. "Subject matter jurisdiction may not be waived, and the district court 'shall dismiss the action' whenever 'it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter.'"[6] The party seeking the federal forum, in this case Plaintiff, has the burden of establishing diversity jurisdiction.[7] If subject matter jurisdiction over the complaint is lacking, dismissal is appropriate for that reason and pursuant to § 1915.[8]

One basis for subject matter jurisdiction is diversity under 28 USC § 1332. Federal diversity jurisdiction requires the party to demonstrate that (1) complete diversity of citizenship exists between the parties and (2) the amount in controversy exceeds $75,000.00, exclusive of interest and costs.[9] Complete diversity exists when "no party on one side [is] a citizen of the same State as any party on the other side."[10]

Another basis for jurisdiction typically invoked in civil cases is federal question jurisdiction. 28 U.S.C. § 1331. Federal question jurisdiction is assessed under the well-pleaded

---

[4] *Amrhein v. United States*, 740 F. App'x 65, 66 (5th Cir. 2018).
[5] *James v. Richardson*, 344 F. App'x 982, 983 (5th Cir. 2009) ("Section 1915(e)(2)(B) requires dismissal of frivolous IFP actions even if those actions are brought by non-prisoner plaintiffs.") (citing *Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir. 2002) (applying § 1915(e)(2)(B) to a non-prisoner whose complaint was frivolous)).
[6] *Avitts v. Amoco Prod. Co.*, 53 F.3d 690, 693 (5th Cir. 1995) (quoting FED. R. CIV. P. 12(h)(3)).
[7] *Bynane v. Bank of N.Y. Mellon,* 866 F.3d 351, 356 (5th Cir. 2017) (citation omitted).
[8] *Humphries v. Various Fed. U.S. INS Emps.*, 164 F.3d 936, 941 (5th Cir. 1999) (citation omitted).
[9] *Garcia v. Koch Oil Co. of Tex., Inc.*, 351 F.3d 636, 638 (5th Cir. 2003) (citing *St. Paul Reinsurance Co. v. Greenburg*, 134 F.3d 1250, 1253 (5th Cir. 1998)).
[10] *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974) (citation omitted); *Getty Oil Corp., Div. of Texaco, Inc. v. Ins. Co. of North Am.,* 841 F.2d 1254, 1258-59 (5th Cir. 1988); *Corfield v. Dallas Glen Hills, LP*, 355 F.3d 853, 857 (5th Cir. 2003) (citation omitted); *Bynane*, 866 F.3d at 355 (citation omitted).

complaint rule which requires that a federal question appear on the face of the well-pleaded complaint.[11]

### C. Required Elements of a § 1983 Claim

Section 1983 creates a damages remedy for the violation of federal constitutional or statutory rights under color of state law:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any . . . person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .[12]

"The purpose of § 1983 is to deter state actors from using their badge of authority to deprive individuals of federally guaranteed rights and to provide relief to victims if such deterrence fails."[13]

A plaintiff must satisfy three elements to establish § 1983 liability:

(1) deprivation of a right secured by the U.S. Constitution or federal law;
(2) that occurred under color of state law; and
(3) was caused by a state actor.[14]

Because § 1983 merely provides a remedy for designated rights, rather than creating any substantive rights, "an underlying constitutional or statutory violation is a predicate to liability."[15] This requires the plaintiff to identify both the constitutional violation and the responsible person acting under color of state law.[16] "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'"[17]

---

[11] *Gutierrez v. Flores*, 543 F.3d 248, 251-52 (5th Cir. 2008).
[12] 42 U.S.C. § 1983.
[13] *Wyatt v. Cole*, 504 U.S. 158, 161 (1992) (citing *Carey v. Piphus*, 435 U.S. 247, 254-57 (1978)).
[14] *Victoria W. v. Larpenter*, 369 F. 3d 475, 482 (5th Cir. 2004) (citation omitted).
[15] *Harrington v. Harris*, 118 F. 3d 359, 365 (5th Cir. 1997) (citation omitted).
[16] *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 156 (1978).
[17] *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)); *accord Thibodeaux v. Bordelon*, 740 F. 2d 329, 333 (5th Cir. 1984).

### III.    ANALYSIS

#### A. No Diversity Jurisdiction

Although Plaintiff indicated that his complaint was filed pursuant to 42 U.S.C. § 1983 and he checked only federal question jurisdiction, he also completed portions of the form complaint involving diversity jurisdiction. All of the defendants named, however, are Louisiana entities or citizens, as is Plaintiff.[18] Accordingly, Plaintiff fails to properly invoke diversity jurisdiction under § 1331.

#### B. Officer Chad Spindel and "Other Unknown Defendants"

Plaintiff appears to raise the same excessive force and Constitutional claims against Officer Chad Spindel and other "Unknown Defendants" regarding his October 18, 2001 arrest in this matter that he raised in his "companion case," Civil Action No. 23-2001 "J"(2). The Fifth Circuit has held that *in forma pauperis* cases are properly subject to dismissal as frivolous under § 1915 where the claims are duplicative and repetitive pursuant to § 1915 and analogous principles of res judicata.[19] Accordingly, Plaintiff's claims against Spindel and other unknown defendants should be dismissed as frivolous under § 1915 (e).

#### C. The Kenner Police Department and "Chief Keith A Connlley"

In his Complaint, Plaintiff names the Kenner Police Department as a defendant. ECF No. 1-1 at 1. Though not named anywhere in his form complaint, Plaintiff also attaches a Civil Summons form directed to "Keith A Conlley, Kenner Police Department." ECF No. 1-3 at 1.

---

[18] *See* ECF No. 1 ¶ I(A) (Plaintiff's address is located in New Orleans Louisiana); ¶ I(B) (Kenner, Louisiana addresses for each named Defendant).
[19] *Wilson v. Lynaugh*, 878 F.2d 846, 849 & n.7 (5th Cir. 1989) (citing *Pugh v. Par. of St. Tammany*, 875 F.3rd 436 (5th Cir. 1989); *Roberson v. Breen*, 444 Fed. App'x 841, 842 (5th Cir. 2011) (citations omitted) ("An action may be dismissed as malicious and frivolous if it duplicates claims raised by the same plaintiff in previous or pending litigation."); *see also Shabazz v. Franklin*, 380 F. Supp. 2d 793, 802 (N.D. Tex. 2005) (noting that "it is well-accepted that courts may appropriately dismiss an IFP action as frivolous when the action seeks to relitigate claims which allege substantially the same facts arising from a common series of events which have already been unsuccessfully litigated by the IFP plaintiff.") (internal quotation and citation omitted).

Plaintiff failed to provide a written explanation of his claims against the Kenner Police Department or its Chief of Police in either his Complaint or Show Cause Response.

To state a claim under § 1983, a plaintiff must allege among other things that the particular defendant deprived him of a right secured by the U.S. Constitution or federal law.[20] The plaintiff must allege specific facts giving rise to the constitutional claims.[21] In this case, Smith has failed to state a cognizable claim against the Kenner Police Department or Chief Keith Conley.

### 1. Police Departments are Not Persons under § 1983

In Louisiana, "a parish sheriff's office is not a legal entity capable of being sued in a federal civil rights action."[22] The same is true of a city police department, which "is merely a department . . . and not a proper party defendant" in a § 1983 action.[23] The State of Louisiana grants no such legal status to any law enforcement office or department.[24] Similarly, under federal law, Louisiana's sheriff's offices and city police departments are not considered to be "persons" for purposes of § 1983 liability.[25]

Because the Kenner Police Department is not a person or suable entity to be held liable under § 1983, the claims against this defendant should be dismissed pursuant to 28 U.S.C. § 1915(e), § 1915A as frivolous and for failure to state a claim upon which relief can be granted.

---

[20] *Victoria W.*, 369 F. 3d at 482 (citation omitted).
[21] *Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir. 2002).
[22] *Francis v. Terrebonne Parish Sheriff's Office*, No. 08-4972, 2009 WL 4730707, at *2 (E.D. La. Dec. 9, 2009) (citing *Cozzo v. Tangipahoa Parish Council-President Government*, 279 F.3d 273, 283 (5th Cir. 2002)); *Williamson v. Louisiana*, No. 08-4598, 2008 WL 5082911, at *3 (E.D. La. Nov. 24, 2008); *Martin v. Davis*, No. 06-1770, 2007 WL 763653, at *2 (E.D. La. Mar. 8, 2007) (citing LA. REV. STAT. ANN. § 33:361 and *Causey v. Parish of Tangipahoa*, 167 F. Supp. 2d 898, 909 (E.D. La. 2001)); *Fitch v. Terrebonne Parish Sheriff Dep't*, No. 06-3307, 2006 WL 2690077, at *2 (E.D. La. Sept. 18, 2006).
[23] *Causey*, 167 F. Supp. 2d at 909 (citing *Norwood v. City of Hammond*, No. 99-879, 1999 WL 777713, at *2 (E.D. La. Sep. 30, 1999)).
[24] *Liberty Mut. Ins. Co. v. Grant Parish Sheriff's Dep't*, 350 So. 2d 236 (La. App. 3d Cir. 1977).
[25] *Calhoun v. Sanderson*, No. 01-3765, 2003 WL 1595088, *5 (E.D. La. Mar. 25, 2003) (sheriff's office); *Creppel v. Miller*, No. 92-2531, 1993 WL 21408, *1 (E.D. La. Jan. 22, 1993) (sheriff's office); *Causey*, 167 F. Supp. 2d at 909 (city police department); *Melancon v. New Orleans Police Dept.*, No. 08-5005, 2009 WL 249741 at *2 (E.D. La. Jan. 30, 2009) (Order adopting Report and Recommendation) (citing *Montoya v. Taylor*, 44 F. 3d 1005 n.1 (5th Cir.1995)) (city police department).

### 2. No Allegations Against Police Chief Conley

Fletcher seems to have listed Conley's name on the Civil Summons form solely based on his supervisory position over Officer Spindel and the police department. An individual defendant can only be liable under § 1983 if he was "personally involved in the acts causing the deprivation of his constitutional rights or a causal connection exists between an act of the official and the alleged constitutional violation."[26] Without an allegation of personal involvement, a supervisory official, like a sheriff, cannot be held liable pursuant to § 1983 simply because an employee or subordinate allegedly violated the plaintiff's constitutional rights.[27] A plaintiff must instead establish that he suffered a constitutional violation or physical injury directly resulting from an order, policy, or directive implemented by the sheriff to create a vicarious liability under § 1983.[28]

Plaintiff, however, has not referenced any order, training, or other policy implemented by the Sheriff that factored into the events about which he complains.

Plaintiff has alleged no personal action by or connection with Chief Conley to hold him liable under § 1983 based on the actions of Officer Spindel or the unknown officers. Thus, Fletcher's claims against Conley should be dismissed pursuant to 28 U.S.C. § 1915 and § 1915A as frivolous and otherwise for failure to state a claim for which relief can be granted.

### IV. <u>CONCLUSION</u>

Plaintiff fails to establish diversity jurisdiction over this matter. Likewise, to the extent he asserts a § 1983 claim against Defendant Spindel and the other unknown officers in connection with the circumstances surrounding Plaintiff's apprehension and arrest in 2001, those claims are

---

[26] *Douthit v. Jones*, 641 F.2d 345, 346 (5th Cir. 1981); *Watson v. Interstate Fire & Cas. Co.*, 611 F.2d 120, 123 (5th Cir. 1980).
[27] *See Alton v. Tex. A&M Univ.*, 168 F.3d 196, 200 (5th Cir. 1999); *see also Oliver*, 276 F.3d at 742 ("Section 1983 does not create supervisory or *respondeat superior* liability.").
[28] *See Johnson v. Moore*, 958 F.2d 92, 94 (5th Cir. 1992); *Thompson v. Upshur County*, 245 F.3d 447, 459 (5th Cir. 1991); *Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987); *City of St. Louis v. Praprotnik*, 485 U.S. 112, 124-25 (1988).

duplicative of the claims raised in his "companion case." Any claims against the Kenner Police Department fail as a matter of law as police departments are not "persons" subject to suit under § 1983. Finally, to the extent Plaintiff attempts to state a claim against Chief Conley in his supervisory capacity, he has failed to demonstrate either that Conley was personally involved in the events complained of or that he suffered a constitutional violation or physical injury directly resulting from an order, policy, or directive implemented by Conley to create a vicarious liability under § 1983.

## RECOMMENDATION

**IT IS RECOMMENDED** that Fletcher's § 1983 claims against defendants Officer Chad Spindel, the Kenner Police Department, "Other Unknown Defendants," and Police Chief Keith Conley be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e) and § 1915A as frivolous and for failure to state a claim for which relief can be granted.

## NOTICE OF OPPORTUNITY TO OBJECT

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[29]

New Orleans, Louisiana, this 11th day of September, 2023.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[29] *Douglass v. United Servs. Auto. Ass'n*, 79 F. 3d 1415, 1430 (5th Cir. 1996) (*en banc*) (citing 28 U.S.C. § 636(b)(1)). *Douglass* referred to the previously applicable ten-day period for filing of objections, which was extended to fourteen days by amendment effective December 1, 2009, 28 U.S.C. § 636(b)(1).